# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUSTIN SADLER,<br><br>      *Plaintiff*,<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE *et al.*,<br><br>      *Defendants*. | Civil Action No. 18-1695 (TJK) |

## MEMORANDUM OPINION

Plaintiff Justin Sadler, a federal prisoner proceeding *pro se* and *in forma pauperis*, has sued Defendants Department of Justice and the Federal Bureau of Prisons (BOP) for allegedly misclassifying him as a sex offender. But for the reasons below, Sadler has failed to state a claim for some of the causes of action in his complaint, and the Court lacks subject-matter jurisdiction over the others. The Court will therefore dismiss the complaint in its entirety.

## I.    Factual and Procedural Background

Sadler alleges that Defendants have improperly classified him in prison databases as a sex offender even though he "has not been convicted of such an offense." ECF No. 1 ("Compl.") at 1. This classification is one of various Public Safety Factors (PSFs) that prison officials may assign to an inmate whose "current offense, sentence, criminal history or institutional behavior . . . requires additional security measures be employed to ensure the safety and protection of the public." BOP Program Statement P5100.08, *Inmate Security Designation and Custody Classification*, ch. 5 at 7 (Sept. 12, 2006), https://www.bop.gov/policy/progstat/5100_008.pdf. According to Sadler, his sex-offender PSF limits certain of his privileges and puts his safety at risk. *See* Compl. at 1. Sadler alleges that he "asked [Defendants] to remove the false classification from his files," but they "failed to do so." *Id.* at 2.

Sadler sued Defendants in July 2018. *Id.* His complaint pleads causes of action under (1) the Privacy Act of 1974, 5 U.S.C. § 552a; (2) the Freedom of Information Act (FOIA), 5 U.S.C. § 552; and (3) the Fifth and Eighth Amendments to the Constitution. *Id.* at 1–2. He seeks compensatory damages "in an amount commensurate with the Privacy Act," an injunction compelling Defendants to remove his sex-offender PSF, and a declaratory judgment that he "is legally innocent of any previously charged or indicted offenses with underlying allegations of sexual misconduct." *Id.* Defendants moved to dismiss Sadler's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No 13-1 ("Mot."). Sadler opposed their motion, and Defendants replied. *See* ECF No. 16 ("Opp'n"); ECF No. 17.

## II.     Legal Standards

In considering a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), a court must "treat a complaint's factual allegations as true . . . and must grant a plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citations omitted) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). When a plaintiff proceeds *pro se*, a district court must "consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), because *pro* se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court need not draw inferences in favor of a plaintiff, *pro se* or otherwise, if those inferences are not supported by the facts alleged. *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must establish that the Court has subject-matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In considering whether a plaintiff has met this standard, "the Court 'may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'" *Hiligh v. Sands*, 389 F. Supp. 3d 69, 72 (D.D.C. 2019) (quoting *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)).

### III.   Analysis

#### A.   Privacy Act

Sadler first alleges a cause of action under the Privacy Act. *See* Compl. at 2. That statute "regulates the 'collection, maintenance, use, and dissemination of information' about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (quoting *Doe v. Chao*, 540 U.S. 614, 618 (2004)). Sadler does not specify how Defendants violated the Privacy Act by including the sex-offender PSF in his records.[1] But his claim fails for reasons other than that lack of specificity.

BOP regulations exempt all records contained in its Inmate Central Records System from Privacy Act obligations. 28 C.F.R. § 16.97(j). And PSFs are housed within the Inmate Central Records System. *See* Program Statement P5100.08, ch. 5 at 7; BOP Program Statement 5800.17, *Inmate Central File, Privacy Holder, and Parole Mini-Files,* at 17 (Apr. 3, 2015),

---

[1] Defendants suggest that Sadler may seek to invoke 5 U.S.C. § 552a(d), (e)(5), or (f). Mot. at 3 & n.1. Subsection (d) allows a plaintiff to request that an agency amend an erroneous record about him; subsection (e)(5) allows a plaintiff to sue if the agency makes an adverse determination based on an erroneous record; and subsection (f) allows a plaintiff to sue if he is harmed by regulations issued under the Privacy Act. *See* 5 U.S.C. § 552a(g)(1)(A), (C), (D).

3

https://www.bop.gov/policy/progstat/5800_017.pdf. Accordingly, as numerous courts have held, PSFs are exempted from the Privacy Act as a matter of law. *See, e.g.*, *Harrison v. Federal Bureau of Prisons*, 248 F. Supp. 3d 172, 180–81 (D.D.C. 2017). As the court in *Harrison* explained:

> "[a]ll information pertaining to a prisoner's security level and custody classification is maintained in the Inmate Central Records System," and that system of records is exempt from the provisions of the Privacy Act on which Harrison relies. *Vaden v. U.S. Dep't of Justice*, 79 F. Supp. 3d 207, 212 (D.D.C. 2015) (quotations and alterations omitted); *see* 5 U.S.C. § 552a(j)(2) (authorizing the exemption); *see also* 28 C.F.R. § 16.97(j) (the exemption itself). The BOP's Program Statement on Inmate Security Designation and Custody Classification explains that PSFs are normally applied at intake on the inmate's BP–337 form, and may then be amended through the use of Form BP–338. *See* Program Statement P5100.08, ch. 5 at 7. And the Program Statement on the Inmate Central Records System explicitly states that forms BP–337 and BP–338 reside on that system. *See* Program Statement 5800.17 at 15–17. In fact, that system appears to house all inmate records related to sentencing, PSFs, housing, custody classification, security designations, and the like. *See id.* The Court, accordingly, must join numerous other courts in holding, as a matter of law, that the Privacy Act subsections (d)(1), (e)(5), (f), and others afford inmates and former inmates no cause of action regarding such records.

*Id*. Sadler argues that Defendants have produced "no evidence" showing that the relevant records are housed within the Inmate Central Records System. Opp'n at 3. But as the *Harrison* court explained, under BOP policy that is where all information pertaining to Sadler's security level and custody classification is kept, and Sadler suggests no reason for the Court to doubt that is the case here. Sadler cannot state a claim under the Privacy Act because the records at issue are exempt from its provisions as a matter of law. The Court must therefore dismiss his Privacy Act claim under Rule 12(b)(6).

### B. FOIA

Sadler also asserts a cause of action under the FOIA. *See* Compl. at 1. Opp'n at 3–4. "The FOIA 'mandates that an agency disclose records on request, unless they fall within one of nine exemptions.'" *Electronic Privacy Info. Ctr. v. DHS*, 777 F.3d 518, 522 (D.C. Cir. 2015)

(quoting *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011)). Relevant here, an agency must disclose records "on request." *Id.*; *see also* 5 U.S.C. § 552(a)(3)(A). But nowhere in Sadler's complaint or opposition does he directly assert that he ever filed a FOIA request. And nowhere does he allege facts from which the Court could conclude that it is plausible that he did—for example, when he made such a request, how he made it, to whom he directed it, or what records he requested. The most he does is assert in his opposition that the BOP has "omit[ted] significant details of its *own* knowledge of [his] FOIA request." Opp'n at 4 (emphasis added). On this record, the Court cannot find that Sadler has met the pleading requirements under Rule 12(b)(6), even applying the relaxed standard that his *pro se* status warrants. It will therefore dismiss this claim under Rule 12(b)(6).[2]

### C. Constitutional Claims

Finally, Sadler invokes the Fifth and Eighth Amendments to the Constitution. *See* Compl. at 1. To the extent he seeks money damages based on these constitutional claims, the federal government's sovereign immunity deprives the Court of subject-matter jurisdiction, absent an express waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Harrison*, 248 F. Supp. 3d at 183. Sadler identifies no such waiver, nor does one appear applicable here.

To the extent Sadler seeks injunctive relief, he appears to rely on the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06. He cites *Simmat v. U.S. Bureau of Prisons*, in which the Tenth Circuit concluded that the APA waived sovereign immunity for nonmonetary constitutional claims against the federal government. *See* Opp'n at 4; 413 F.3d 1225, 1233 (10th

---

[2] Sadler also makes a cursory request to amend his complaint under Federal Rule of Civil Procedure 15(a). Opp'n at 4. But he did not attach a proposed amended complaint as required by Local Civil Rules 7(i) and 15.1, nor—far more importantly—did he explain *why* the Court should grant him leave to amend or preview the facts he would allege in an amended complaint to meet the pleading standard under Rule 12(b)(6). The Court will therefore deny this request as well.

Cir. 2005). But as the Court recognized in *Harrison*, that decision does not save Sadler's particular claims because the APA does not apply to them.

"[W]hat the APA gives, another provision—18 U.S.C. § 3625—takes away." *Harrison*, 248 F. Supp. 3d at 182. Under 18 U.S.C. § 3625, the APA does not apply to any decision about an inmate's "imprisonment." *See also* 18 U.S.C. § 3621. Imprisonment includes "rules governing 'the place of the prisoner's imprisonment,' *id.* § 3621(b), and the consideration of 'the history and characteristics of the prisoner' in making that assignment, *id.* § 3621(b)(3)." *Harrison*, 248 F. Supp. 3d at 182. PSFs, which are classifications based on a prisoner's history and behavior, are thus within category of imprisonment decisions exempt from APA review. *Id.*; *see also Burnam v. Marberry*, 07–cv–97, 2008 WL 4190785, at *7 (W.D. Pa. Sept. 10, 2008), *aff'd*, 313 F. App'x 455 (3d Cir. 2009).

For these reasons, no waiver of sovereign immunity applies to Sadler's constitutional claims, whether for monetary or injunctive relief. The Court thus concludes that it lacks subject-matter jurisdiction over them. Accordingly, it must dismiss them under Rule 12(b)(1).

## IV. Conclusion

Because Sadler has failed to state a claim under the Privacy Act or FOIA, and the Court lacks subject-matter jurisdiction over his constitutional claims, the Court will grant Defendants' Motion to Dismiss, ECF No. 13, and dismiss the complaint. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 23, 2019